UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SHAFFER, MARGARET MAULDIN, CHARAFEDDINE ZAITOUN, and MARK LESSIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE GEORGE WASHINGTON UNIVERSITY and THE BOARD OF TRUSTEES OF GEORGE WASHINGTON UNIVERSITY,<br><br>      Defendants. | No. 1:20-cv-01145-RJL<br><br>Hon. Richard J. Leon |

## LCvR 16.3(c) JOINT SCHEDULING PLAN

Plaintiffs MARK SHAFFER, MARGARET MAULDIN, CHARAFEDDINE ZAITOUN, and MARK LESSIN and Defendants THE GEORGE WASHINGTON UNIVERSITY and THE BOARD OF TRUSTEES OF GEORGE WASHINGTON UNIVERSITY, by and through their undersigned counsel, hereby submit their Joint Scheduling Plan. To the extent that all parties are able to reach agreement on items, the parties have so indicated. To the extent that the parties differ in their positions, they separately set forth those positions.

A. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

 Agreed Position: Defendants have answered the Complaint. The parties' positions on summary judgment are listed below in Section F.

**B.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Agreed Position: At this time, no factual or legal issues can be agreed upon or narrowed. Plaintiffs should be allowed until **July 12, 2022** to file motions to join additional parties and until **October 3, 2022** to file motions to amend the pleadings. Defendants reserve the right to oppose any such motions. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**C.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Agreed Position: The case should not be assigned to the magistrate judge for all purposes, including trial.

**D.     Whether there is a realistic possibility of settling the case.**

Agreed Position: The parties agree to discuss the possibility of ADR and settlement as the case progresses.

Plaintiffs' Position: Plaintiffs maintain the position that there exists a realistic possibility of settling this case. Numerous settlements have been reached between universities and classes involving the allegations of the type raised in this case. *See, e.g.*, *In re Columbia University Tuition Refund Action*, No. 1:20-cv-03208 (S.D.N.Y.); *Wright v. Southern New Hampshire University*, No. 1:20-cv-00609 (D.N.H.); *D'Amario v. University of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.); *Rosado v. Barry University*, No. 1:20-cv-21813 (S.D. Fla.); *Martin v. Lindenwood University*, No. 4:20-cv-01128-RLW (E.D. Mo).

Defendants' Position: Defendants do not believe there is a realistic possibility at this time of settling this case on a classwide basis. Defendants will entertain any individual (non-class) settlement demand any plaintiff chooses to make, and will continue to reevaluate their position on classwide settlement as the case evolves.

**E.   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Agreed Position: The parties participated in the D.C. Circuit's court-annexed mediation program while the Court's decision granting the motion to dismiss was on appeal. No settlement was reached. Counsel for the parties have advised their clients regarding the Court's ADR procedures and other forms of ADR, and the parties agree to discuss the possibility of ADR and settlement as the case progresses.

Plaintiffs' Position: Plaintiffs believe that the case could benefit from the Court's alternative dispute resolution (or some other form of ADR).

Defendants' Position: Defendants do not believe that the case would benefit from ADR at this time. Defendants will continue to reevaluate their position on classwide settlement, and the possibility of ADR, as the case evolves.

**F.   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Agreed Position: All parties intend to move for summary judgment.

Plaintiffs' Position: Summary judgment motions and other dispositive motions (including *Daubert* motions) may be filed no sooner than **April 17, 2023** or, as applicable to Plaintiffs, within 30 days of the Court's ruling certifying a class (if any). The non-moving party will have 30 days to respond to any such motion, and the moving party will have 30 days to reply.

Defendants' Position: Defendants respectfully submit that summary judgment motion practice, directed at the individual claims of the named plaintiffs, may be appropriate in this case and may obviate the need for class certification motion practice. To that end, Defendants

respectfully submit that summary judgment motions may be filed **at any time before April 17, 2023**.

G. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Agreed Position: The parties agree to continue with the initial disclosures required under Fed. R. Civ. P. 26(a)(1), with no changes to the scope or form of the same. Initial disclosures will be served by **July 15, 2022**.

H. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Agreed Position: At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court are necessary. To the extent that a potential need to change the limitations on discovery comes to the attention of a party, the parties agree to meet and confer regarding the same. The parties agree that a protective order will be necessary and agree to meet and confer to submit an agreed protective order separately for this Court's review and approval. All discovery shall close on **March 31, 2023**. However, within 14 days of the Court's decision on class certification, the parties further agree to meet and confer in good faith regarding any remaining discovery to be conducted in light of the Court's decision on class certification.

I. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Agreed Position: The parties anticipate that discovery will include the production of electronically stored information. The parties agree to meet and confer to determine whether to submit an agreed document production protocol for this Court's review and approval and, if so, to negotiate a protocol.

J.  **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Agreed Position: The parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection and agree to establish procedures for asserting privilege and work product claims. The parties agree to meet and confer and include specific procedures for asserting claims of privilege or protection of documents after production.

K.  **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Agreed Position: Plaintiffs shall serve any expert reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to the merits of their claims or to class certification on or before **January 16, 2023**. Depositions of any such experts will be completed by **February 15, 2023**. Defendants shall serve any expert reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to Plaintiffs' claims, Defendants' defenses, or class certification on or before **February 15, 2023**. Depositions of such experts will be completed by **April 14, 2023**.

L.  **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Agreed Position: Plaintiffs' class certification motion will be filed on or before **January 16, 2023**. Defendant's response to Plaintiffs' class certification motion will be filed on or before **March 15, 2023**. Plaintiffs' reply in support of class certification will be filed on or before **April 28, 2023**. Any oral argument and/or evidentiary hearing should occur at a date and time convenient for the Court on or after **May 15, 2023**, with **June 16, 2023** as the proposed date for decision.

**M.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Agreed Position: The parties agree that formal bifurcation or phasing of discovery is not warranted. The parties agree, however, to consider the necessity and proportionality of any discovery in light of the procedural posture of the case, including deadlines for and the pendency of various motions, and will discuss in good faith whether to defer certain discovery within the discovery period based on such considerations.

**N.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Agreed Position: The parties respectfully submit that setting any pretrial conference is premature and should be set only after class certification and summary judgment have been decided.

**O.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Agreed Position: The parties agree that the Court should not set a firm trial date at the first scheduling conference but should rather schedule any trial at the pretrial conference.

**P.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Agreed Position: No such other matters are necessary for inclusion at this time.

Dated: June 23, 2022

By: /s/ Daniel J. Kurowski

Glenn Ivey (Bar No. 414331)
Andrew S. Levetown (Bar No. 422714)
IVEY & LEVETOWN, LLP
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
(703) 618-2264
ivey@iveylevetown.com
asl@iveylevetown.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
(708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Daniel J. Walker (Bar No. 219439)
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 559-9745
dwalker@bm.net

Shanon J. Carson (*Pro Hac Vice*
Forthcoming)
Glen L. Abramson (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
scarson@bm.net
gabramson@bm.net

Respectfully submitted,

By: */s/ Alan E. Schoenfeld (with permission)*

Alan E. Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 937-7294
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants The George Washington University and The Board of Trustees of George Washington University*

-8-

E. Michelle Drake (*Pro Hac Vice*)
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
(612) 594-5999
emdrake@bm.net

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*