# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SHAFFER, MARGARET MAULDIN, CHARAFEDDINE ZAITOUN, and MARC LESSIN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | No. 1:20-cv-01145-RJL |
| v. | Hon. Richard J. Leon |
| THE GEORGE WASHINGTON UNIVERSITY and THE BOARD OF TRUSTEES OF GEORGE WASHINGTON UNIVERSITY, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND......................................................... 3

    A.   Factual Background. ............................................................................................... 3

    B.   Procedural Background............................................................................................ 4

III.  ARGUMENT ..................................................................................................................... 5

    A.   The Court Should Preliminarily Approve the Proposed Settlement ....................... 5

        1.   The Terms of the Settlement Are Substantively Fair,
            Adequate, and Reasonable. ......................................................................... 5

        2.   First Factor: Terms of the Settlement in Relation to Strengths
            of Arguments Supports Approval. ............................................................... 6

        3.   Second Factor: The Existence of Arms' Length Negotiations
            Supports Approval. ...................................................................................... 8

        4.   Third Factor: Status of Litigation Supports Approval. ................................ 9

        5.   Fourth Factor: The Representation of Experienced Counsel
            Supports Approval. ...................................................................................... 10

        6.   Fifth Factor: The Class Reaction to the Agreement.................................... 10

    B.   The Remainder of the Rule 23(e)(2) Factors Support Preliminary
        Approval. ................................................................................................................ 11

        1.   The Allocation Plan is Fair and Adequate. ................................................. 11

        2.   The Proposed Form and Method of Providing Notice to the
            Proposed Settlement Class are Appropriate................................................ 11

        3.   Service Awards and Attorneys' Fees and Expenses are
            Reasonable. ................................................................................................. 13

        4.   The Parties Have No Additional Agreements.............................................. 14

        5.   Proposed Settlement Class Members are Treated Equitably. ..................... 14

IV.   CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS
    APPROPRIATE.................................................................................................................. 14

A.     The Proposed Settlement Class Meets the Requirements of Rule 23(a). ........................................................................................ 15

       1.     Numerosity. ................................................................15

       2.     Common Questions of Law and Fact Exist Here. ......................15

       3.     Typicality. ..................................................................16

       4.     Adequacy. ..................................................................17

B.     The Settlement Class Satisfies the Requirements of Rule 23(b)(3). ..................... 19

       1.     Common Issues Predominate Over Any Individual Ones. ........................19

       2.     A Class Action is a Superior Mechanism. ................................20

V.     THE COURT SHOULD PRELIMINARILY APPOINT NAMED PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES. .............................. 21

VI.     THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN ..................... 21

VII.     CONCLUSION ............................................................................... 22

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Amchem Prods., Inc. v. Windsor,
   521 U.S. 591 (1997)............................................................................................14, 18

In re APA Assessment Fee Litig.,
   311 F.R.D. 8 (D.D.C. 2015)...............................................................................16

Arredondo v. Univ. of La Verne,
   No. 2:20-cv-7665 (C.D. Cal.)...........................................................................1, 2

Barnes v. District of Columbia,
   242 F.R.D. 113 (D.D.C. 2007)...........................................................................18

In re Black Farmers Discrim. Litig.,
   2013 WL 3480346 ...............................................................................................13

Botts v. Johns Hopkins Univ.,
   No. 1-20-cv-01335 (D. Md.)...............................................................................1

Brown v. Title Ticor Ins. Co.,
   982 F.2d 386 (9th Cir. 1992) ..............................................................................18

Bynum v. District of Columbia,
   214 F.R.D. 27 (D.D.C. 2003)...........................................................................15, 16

Choi v. Brown Univ.,
   No. 1:20-cv-00191 (D.R.I.)...........................................................................2, 10, 12

In re Columbia Tuition Refund Action,
   No. 20-cv-3208 (S.D.N.Y.)................................................................................1

D'Amario v. Univ. of Tampa,
   No. 7:20-cv-03744 (S.D.N.Y.).........................................................................2, 13

In re Domestic Airline Travel Antitrust Litigation,
   322 F. Supp. 3d 64 (D.D.C. 2018) ....................................................................11

Equal Rights Ctr. v. Wash. Metro. Area Transit Auth.,
   573 F. Supp. 2d 205 (D.D.C. 2008) ..................................................................6, 9

Fittipaldi v. Monmouth Univ.,
   No. 3:20-cv-05526 (D.N.J.) ...............................................................................2

*Garnett v. Zeilinger*,
    301 F. Supp. 3d 199 (D.D.C. 2018) ...................................................................................14

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...............................................................................14, 20

*In re Livingsocial Mktg. & Sales Practice Litig.*,
    298 F.R.D. 1 (D.D.C. 2013)...............................................................................................19

*In re Lorazepam & Clorazepate Antitrust Litig.*,
    No. MDL 1290, 2003 WL 22037741 (D.D.C. June 16, 2003) .....................................7, 9, 10

*Martin v. Lindenwood Univ.*,
    No. 4:20-cv-01128-RLW, Order (E.D. Mo. May 11, 2022)..............................................2, 13

*McBean v. City of New York*,
    228 F.R.D. 487 (S.D.N.Y. 2005) .......................................................................................19

*Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*,
    565 F. Supp. 2d 49 (D.D.C. 2008) ......................................................................................9

*Metzner v. Quinnipiac Univ.*,
    No. 3:20-cv-00784-KAD (D. Conn.) .............................................................................2, 10, 12

*Nat'l Veterans Legal Servs. Program v. United States*,
    235 F. Supp. 3d 32 (D.D.C. 2017) ....................................................................................17

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999)...........................................................................................................18

*Pigford v. Glickman*,
    185 F.R.D. 82 (D.D.C. 1999)...............................................................................................5

*Porter v. Emerson College*,
    No. 1:20-cv-11897 (D. Mass.) .............................................................................................2

*Radosti v. Envision EMI, LLC*,
    760 F. Supp. 2d 73 (D.D.C. 2011) ......................................................................................7

*Rocchio v. Rutgers, the State Univ. of New Jersey*,
    No. MID-L-003039-20 (Middlesex County, NJ).......................................................1, 10, 12

*Rosado v. Barry Univ., Inc.*,
    No. 1:20-cv-21813-JEM (S.D. Fla. Aug. 7, 2021) ..........................................................2, 13

*Smith v. University of Pennsylvania*,
    No. 20-cv-20286 (E.D. Pa.) .................................................................................................1

*Thorpe v. District of Columbia*,
  303 F.R.D. 120 (D.D.C. 2014) .......................................................................................14, 15

*Trombley v. Nat'l City Bank*,
  759 F. Supp. 2d 20 (D.D.C.2011) ......................................................................................5, 8

*Twelve John Does v. District of Columbia*,
  117 F.3d 571 (D.C. Cir. 1997) ...............................................................................................17

*Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*,
  246 F.R.D. 349 (D.D.C. 2007) ...............................................................................................19

*In re Vitamins Antitrust Litig.*,
  305 F. Supp. 2d 100 (D.D.C. 2004) .........................................................................................8

*Wagner v. Taylor*,
  836 F.2d 578 (D.C. Cir. 1987) ...............................................................................................16

*Wright v. S. New Hampshire Univ.*,
  No. 1:20-cv-00609 (D.N.H.) .............................................................................................2, 13

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 .................................................................................................... *passim*

Fed. R. Civ. P. 30 ...............................................................................................4, 9, 18

# I.      INTRODUCTION

In this putative class action, Plaintiffs Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin ("Plaintiffs") allege that Defendants The George Washington University and the Board of Trustees of George Washington University ("GW" or "Defendant") breached a contractual agreement to provide an in-person educational experience when it transitioned Spring Semester 2020 classes to remote learning, given the COVID-19 pandemic. Plaintiffs seek a partial refund on behalf of themselves and the Class members for in-person educational services for which they paid and they allege Defendant did not provide. The Parties have engaged in significant electronic discovery, written discovery, and oral discovery. After Plaintiffs moved for class certification, the Parties agreed to participate in a mediation before a retired federal judge, Hon. Elizabeth Laporte (Ret.) of JAMS on May 22, 2023. The Parties negotiated for a full day at arm's length with the help of Judge Laporte and ultimately reached an agreement on the key terms at that time, with the Parties executing a term sheet encompassing the material terms of a Class Action Settlement (the "Settlement"). In the following weeks, the Parties worked collaboratively to memorialize the Class Action Settlement Agreement and accompanying proposed notice and settlement administration documents.

While settlements in the COVID-19 tuition and fee refund context differ materially along a number of vectors—including the number of settlement class members, the procedural posture of the case, etc.—this $5.4 million common fund settlement is well within the range of similar cases.  *See*, *e.g.*, *In re Columbia Tuition Refund Action*, No. 20-cv-3208 (S.D.N.Y.) ($12.5 million common fund); *Arredondo v. Univ. of La Verne*, No. 20-cv-7665 (C.D. Cal.) ($8.9 million settlement value); *Botts v. Johns Hopkins Univ.,* No. 1-20-cv-01335 (D. Md.) ($6.6MM common fund); *Rocchio v. Rutgers, the State Univ. of New Jersey,* No. MID-L-003039-20 (Middlesex County, NJ) ($5MM common fund); *Smith v. University of Pennsylvania,* No. 20-cv-

20286 (E.D. Pa.) ($4.5MM common fund); *D'Amario v. Univ. of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.) ($3.4MM common fund); *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784-KAD ($2.5MM common fund); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.) ($2.4MM common fund); *Porter v. Emerson College,* No. 1:20-cv-11897 (D. Mass.) ($2.06MM common fund); *Arredondo v. Univ. of La Verne,* No. 2:20-cv-7665 (C.D. Cal.) ($2.0MM common fund); *Fittipaldi v. Monmouth Univ.*, No. 3:20-cv-05526 (D.N.J.) ($1.3MM common fund); *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609 (D.N.H.) ($1.25MM common fund); *Martin v. Lindenwood Univ.*, No. 4:20-cv-01128 (E.D. Mo.) ($1.65MM common fund); *Choi v. Brown Univ.,* No. 1:20-cv-00191 (D.R.I.) ($1.5MM common fund). Additionally, by default, no claim forms will be necessary for distribution of awards to GW's affected students, thereby ensuring maximum distribution of the settlement fund with ease of administration.  Students in the settlement class will ***automatically*** receive a cash payment unless they exclude themselves from the Settlement. Moreover, the Settlement also provides a procedure for transferring a cash award from a student to an individual (like a parent) who paid GW tuition and/or fees on behalf of a student and therefore are members of the Settlement Class.

This Settlement is fair, reasonable, and adequate and otherwise satisfies the requirements of Rule 23(a) and (b)(3) and the factors outlined in Rule 23(e)(2) and the D.C. Circuit. The Court should have no hesitation finding that the Settlement falls within the range of possible approval. Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint Hagens Berman Sobol Shapiro LLP as Class Counsel; (4) appoint Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin as Class Representatives for the Settlement Class Members; (5) appoint Epiq Class Action &

Claims Solutions, Inc. as the Settlement Administrator; and (6) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice"), attached as Exhibits C-F to the Settlement Agreement, and direct distribution of the Proposed Notice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background.

Plaintiffs allege that they and Settlement Class Members paid or incurred tuition and fees for the Spring 2020 semester for courses specifically designated by Defendant George Washington University as in-person. Plaintiffs allege that they entered into a contractual agreement for specific services: an on-campus, in-person education experience at GW. Plaintiffs were to provide payment via tuition and fees and GW, in exchange, was to provide in-person educational services, experiences, opportunities, and other related facilities to Class Members, including Ms. Mauldin, Mr. Zaitoun, and the children of Mr. Shaffer and Mr. Lessin. Consolidated Class Action Complaint (ECF No. 17) ("Compl.") ¶¶ 12-15.  Plaintiffs also allege that they selected on-campus courses and paid for the in-class and educational experiences that only an in-person program can deliver, such as the ability to access important university facilities, services, and faculty in-person. Plaintiffs further allege they "paid George Washington tuition and fees for on-campus courses—and the benefits, services, opportunities, and facilities that came with them—for the Spring 2020 semester. In registering and paying George Washington tuition and fees for the Spring 2020 semester, Plaintiffs and Class Members understood, per the Bulletin, George Washington's publications, and George Washington's usual and customary practice, that the classes they bargained and paid for would be administered on-campus for the duration of the semester, and that they would get a full semester's worth of access to on-campus facilities, services, and resources. *Id*. ¶¶ 49-60. However, since March 23, 2020, as

a result of COVID-19 closures, Plaintiffs did not receive the on-campus experiences for which they paid.  *Id.* ¶¶ 3, 67-70.

During this litigation, GW has maintained the position that in response local and national guidance, and in order to protect the health and safety of the university community in the midst of a global pandemic, GW swiftly pivoted to online education.  GW also maintains that it made enormous efforts to successfully transition the University online, providing comprehensive training sessions to faculty on moving their courses online, and transitioning many other University resources online, providing telehealth services, online social events, career, academic, and psychological counseling, tutoring, and other social and academic support.  Defendant denies that it breached any express or implied contract with its students or that it was unjustly enriched because of the transition to online only education during the Spring 2020 Semester. Defendant has maintained that it acted properly, reasonably in accord with all applicable laws, rules, regulations, and ordinances to protect the health and safety of its students, faculty and staff, and that it violated no express or implied contractual obligations to its Spring 2020 students, particularly given the unprecedented circumstances created by the COVID-19 pandemic.

GW and Plaintiffs have agreed to the settlement to avoid the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs in litigation.

**B.      Procedural Background.**

Plaintiffs filed two separate lawsuits beginning in May 2020, which were ultimately consolidated in a Consolidated Class Action Complaint filed on July 15, 2020. ECF No. 17. In response, GW moved to dismiss, which the district court granted on March 24, 2021, fully dismissing the case. ECF Nos. 18, 41-42. However, Plaintiffs appealed the case to the D.C.

Circuit and on March 8, 2022, the D.C. Circuit affirmed in part, reversed in part, and remanded the case for further proceedings.

Since remand, the Parties have engaged in significant litigation, allowing them to be well informed regarding the risks of continued litigation. To date, GW has produced approximately 45,000 pages, while Plaintiffs have produced approximately 1,900 pages.  The Parties took depositions of all four named Plaintiffs, one non-party, and three corporate designees of Defendant under Fed. R. Civ. P. 30(b)(6). This work culminated with Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, which was supported by a fulsome expert analysis by Plaintiffs' damages expert, Hal J. Singer, Ph.D. ECF No. 57.  And on May 1, 2023, Defendants' counsel deposed Dr. Singer.

At various points during the litigation, the Parties discussed settlement without success. To conserve the Parties' and court's resources, and to focus their energies on substantive settlement efforts, the Parties stipulated that the case be stayed for a short duration for the Parties to complete mediation. ECF No. 62. The Court entered this stipulation on May 11, 2023. ECF No. 63. On May 22, 2023, the Parties attended a full-day mediation with Judge Laporte and ultimately reached agreement on the pertinent key terms. The Parties then diligently collaborated to memorialize the Settlement and notice documents.

### III.    ARGUMENT

**A.    The Court Should Preliminarily Approve the Proposed Settlement.**

> **1.    The Terms of the Settlement Are Substantively Fair, Adequate, and Reasonable.**

Generally, preliminary approval of a class action settlement will be granted if it appears to fall "within the range of possible approval" and "does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class

representatives or of segments of the class, or excessive compensation for attorneys." *Trombley v. Nat'l City Bank*, 759 F. Supp. 2d 20, 23 (D.D.C.2011) (internal quotation marks omitted). While the Court must "scrutinize the terms of the settlement carefully . . . the discretion of the Court to reject a settlement is restrained by the 'principle' of preference' that encourages settlements." *Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C. 1999), *aff'd*, 206 F.3d 1212 (D.C. Cir. 2000). A trial court "must keep in mind that private resolution of claims is strongly favored over litigation." *Equal Rights Ctr. v. Wash. Metro. Area Transit Auth.*, 573 F. Supp. 2d 205, 211 (D.D.C. 2008).

In reviewing a class action settlement, "[t]he court is charged with determining that the settlement is fair, that the parties and their counsel have adequately represented all class members, and that the relief agreed upon is reasonable." *Id.* (citing *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 104 (D.D.C. 2004)). A court is to consider numerous factors in determining the fairness of a class action settlement, including: "a) the terms of the settlement in relation to the strength of plaintiffs' and defendants' arguments; b) the existence of arms' length negotiations; c) the status of the litigation at the time of the Agreement; d) the representations of experienced counsel; and e) the class reaction to the Agreement." *Id.* These factors and Rule 23(e)(2) weigh heavily in favor of preliminarily approving the proposed Settlement.

### 2.   First Factor: Terms of the Settlement in Relation to Strengths of Arguments Supports Approval.

In evaluating a proposed settlement, the Court's primary role is to evaluate the relief provided in the settlement against the relative strength of plaintiffs' case, including their ability to obtain recovery at trial. *Equal Rights Ctr. v. Washington Metro. Area Transit*, 573 F. Supp. 2d 205, 211 (D.D.C. 2008). Although Plaintiffs believe in the strength of their case, it is not without

risk. Plaintiffs note that this Court's initial dismissal of this case is a prime example of such risk faced in this case. The Parties have analyzed the strengths and weaknesses of their respective positions and the risks, time, and expense of continued litigation. The Settlement provides certain relief to the class, while continued litigation might result in a less favorable outcome. At the time of settlement, Plaintiffs moved for class certification. ECF No. 57. GW would no doubt argue that individual questions preclude class certification, class action is not a superior method to resolve Plaintiffs' claims, and that a class trial would not be manageable. Here too risks exist as some courts have granted class certification in these cases, while others have not. Were the Court to certify a class, GW would likely challenge certification through a Rule 23(f) petition and move to decertify, forcing additional rounds of briefing. The proposed settlement eliminates this risk, expense, and delay and supports preliminary approval.

Further, GW is represented by formidable defense counsel well-versed in tuition refund litigation, and GW has indicated that it would continue to assert many defenses on the merits. *See*, *e.g.*, Answer to Consolidated Class Action Complaint (ECF No. 47).  Plaintiffs and Class Counsel are also aware that GW would oppose class certification vigorously, GW would prepare a competent defense at trial, and GW could appeal the merits of any adverse decision, thus further delaying any potential recovery for the Class. The central legal issues in this case are largely questions of first impression in the context of the COVID-19 pandemic, and ultimately resolving them at the appellate level is uncertain and difficult to predict. Plaintiffs recognize that continued litigation "entails substantial risks," and that victory "certainly cannot be assumed." *In re Lorazepam & Clorazepate Antitrust Litig.*, No. MDL 1290, 2003 WL 22037741, at *4 (D.D.C. June 16, 2003).

Here, the total settlement value is $5.4 million, and Class Counsel projects that students in the Settlement Class are expected to directly receive several hundred dollars each in cash (via check, Venmo, or PayPal).  In addition, this all-in amount will serve to pay notice and administration costs, and, if approved by the Court following a forthcoming motion, individual service awards to the four Plaintiffs as well as reasonable attorneys' fees and cost reimbursements for Plaintiffs' counsel.  Settlement ¶ 8.  *See Radosti v. Envision EMI, LLC*, 760 F. Supp. 2d 73, 79 (D.D.C. 2011) ("[I]ncentive awards are not uncommon in common-fund-type class actions and are used to compensate plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."). Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the Settlement is more than reasonable. Thus, this factor supports preliminary approval.

### 3. Second Factor: The Existence of Arms' Length Negotiations Supports Approval.

A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms' length negotiations between experienced, capable counsel after meaningful discovery." *In re Vitamins Antitrust Litig*., 305 F. Supp. 2d at 104 (quoting Manual for Complex Litigation § 30.42).  Here, the Settlement agreement was effectuated after months of negotiations by experienced counsel. Prior attempts at negotiations were unsuccessful. The Parties were aided by the full-day mediation before Judge Elizabeth Laporte and negotiated at arm's length. The Parties zealously advocated their positions and relative strengths and weaknesses of their cases to reach a resolution.

Notably, comparison of settlements in similar cases can be relevant when evaluating the fairness, adequacy, and reasonableness of a proposed settlement. *See Trombley v. Nat'l City*

*Bank*, 759 F. Supp. 2d 20, 24–25 (D.D.C. 2011). This Settlement is well within the settlement range for COVID-19 college tuition refund litigation. *See supra* at 1-2 (collecting approved settlements of COVID-19 university refund litigation, and understanding that differences in settlement amounts in each case reflect a number of factors, including, e.g., the number of individuals in the settlement class, and the procedural posture of the cases at the time of settlement). The Parties then worked collaboratively to memorialize the Settlement. The Settlement has no obvious deficiencies and the terms are reasonable. This factor supports preliminary approval and the Court should find this Settlement fair and reasonable.

     **4.**     **Third Factor: Status of Litigation Supports Approval.**

     In the D.C. Circuit, courts have routinely considered the "status of litigation at the time of settlement" as a factor in determining whether a proposed settlement warrants final approval. *See, e.g., Equal Rights Ctr.*, 573 F. Supp. 2d at 212; *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 565 F. Supp. 2d 49, 57–58 (D.D.C. 2008). Counsel should have "sufficient information, through adequate discovery, to reasonably assess the risks of litigation vis-à-vis the probability of success and range of recovery." *Meijer*, 565 F. Supp. 2d at 57.

     Here, the Parties have ample information about the case after engaging in extensive motion practice, ESI and written discovery, and depositions. Kurowski Decl. ¶ 16. During the past three years, proposed Class Counsel has briefed a motion to dismiss, briefed and argued an appeal before the D.C. Circuit, conducted discovery resulting in voluminous production, defended Plaintiffs' depositions, took Rule 30(b)(6) depositions, retained and advanced costs for an expert witness, and conducted substantial research regarding the legal issues. Kurowski Decl. ¶ 17.  Class Counsel is sufficiently well informed of the strengths and weaknesses of the claims, having drafted numerous pleadings and appealing dismissal to the D.C. Circuit. As a

result, Class Counsel was well-positioned to evaluate the strengths of Plaintiffs' claims, GW's

defenses, and prospects for success. This factor supports preliminary approval.

### 5. Fourth Factor: The Representation of Experienced Counsel Supports Approval.

"Opinion of ... experienced and informed counsel should be afforded substantial

consideration by a court in evaluating the reasonableness of a proposed settlement." *In re*

*Lorazepam & Clorazepate Antitrust Litig*., No. 99–0790, 2003 WL 22037741, *6 (D.D.C. June

16, 2003). Proposed Class Counsel is qualified. Hagens Berman has handled countless complex

class action cases, recovered billions of dollars for classes they represented, and showed

significant experience in these specific claims. Kurowski Decl. ¶ 4.  Counsel has ample

experience litigating claims of students whose colleges and universities transitioned from in-

person to online only education across the country, giving them applicable knowledge and

experience to access this particular case and Settlement. They have shepherded three other

cases in this context through settlement, with all receiving final approval and a finding that the

settlements presented were fair, reasonable and adequate.  *See, e.g., Rocchio v. Rutgers, the*

*State Univ. of New Jersey*, No. MID-L-003039-20 (Middlesex County, NJ) ($5MM common

fund); *Metzner v. Quinnipiac Univ*., No. 3:20-cv-00784-KAD ($2.5MM common fund); *Choi v.*

*Brown Univ*. 1:20-cv-00191 (D.R.I.) ($1.5MM common fund). This factor supports preliminary

approval.

### 6. Fifth Factor: The Class Reaction to the Agreement.

Since Notice of the Settlement has not yet been issued to the Class, it is not possible to

gauge the precise reaction of the Class at this time. Prior similar settlements in the COVID-19

tuition refund context suggest that the Class will react favorably.

**B.**     **The Remainder of the Rule 23€(2) Factors Support Preliminary Approval.**

    **1.**     **The Allocation Plan is Fair and Adequate.**

"As with settlement agreements, courts consider whether distribution plans are fair, reasonable, and adequate." *In re Lorazepam*, 2003 WL 22037741, at *7. An allocation plan "'need not be perfect', [r]ather, it suffices if the plan has 'a reasonable, rational basis, particularly if recommended by experienced and competent class counsel.'" *In re Fed. 'at'l Mortg. 'ss'n Sec., Derivative," & "ER"SA" Litig.*, 4 F. Supp. 3d 94, 108 (D.D.C. 2013). Under GW's agreements with its students, at the end of the day, students are ultimately financially responsible for making tuition and fee payments to GW.  Here, the Settlement divides the proceeds equally among all students who qualify for payment, excluding students who did not have to pay anything out of pocket for tuition and/or fees for the Spring 2020 Semester because of, e.g., an award of financial aid. Moreover, the Settlement also provides a procedure for transferring a cash award from a student to an individual (like a parent) who paid GW tuition and/or fees on behalf of a student, and who are therefore a member of the Settlement Class, by providing a mechanism for those who may have ultimately paid the tuition and/or fees for which a GW student was otherwise responsible.  Thus, one cash award would be made on behalf of each student – either to the student (the default), or to the payor.

    **2.**     **The Proposed Form and Method of Providing Notice to the Proposed Settlement Class are Appropriate.**

"The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Due process "does not require actual notice to all class members who may be bound by the litigation, notice is adequate . . .  if it 'fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *In re Domestic Airline*

*Travel Antitrust Litigation*, 322 F. Supp. 3d 64, 68 (D.D.C. 2018) Class Counsel respectfully submits that the proposed plan for notice is fair, reasonable, and adequate. As recited in the Settlement and described above, the proposed notice will inform Settlement Class Members of the Settlement's substantive terms. It will advise Settlement Class Members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for receiving their Settlement Benefits; for objecting to the Settlement, Class Counsel's attorneys' fee application and request for service awards to the named Plaintiffs; and how to obtain additional information about the Settlement. The proposed plan for notice is designed to directly reach a high percentage of Settlement Class Members by e-mail and by regular U.S. mail if the email notice is undeliverable.

Notice programs such as the one proposed by Class Counsel have been approved in other similar COVID-19 refund actions, all of which provided direct notice to students based on contact information kept by the university in the ordinary course of business. *See*, *e.g.*, *Rocchio v. Rutgers, the State Univ. of New Jersey*, No. MID-L-003039-20 (Middlesex County, NJ); *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784-KAD; *Choi v. Brown Univ.,* No. 1:20-cv-00191 (D.R.I.). In addition, the settlement will also go beyond other settlements by providing publication notice in prominent, national publications as well as conduct internet-based advertising.  Moreover, as further detailed in the accompanying Declaration of Cameron R. Azari Regarding Settlement Notice Plan and Notices ("Azari Decl."), the notice plan and notices are being supervised by an experienced notice team, Epiq Class Action and Claims Solutions, Inc. and Hilsoft Notifications, a business unit of Epiq, a firm that specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification

plans.  *See generally id.* Accordingly, the Court should approve the plan for notice and the form and content of the notices.

### 3.        Service Awards and Attorneys' Fees and Expenses are Reasonable.

After notice issues, Class Counsel will separately apply for an award of service awards to the Class Representatives along with attorneys' fees and expenses (on behalf of Hagens Berman as well as the other Plaintiffs' counsel who devoted efforts and expenses in this litigation: Berger Montague PC and Levetown Law, LLP), and will receive any applied-for fees and expenses only upon this Court's ruling regarding attorneys' fees and costs. Under the Settlement Agreement, Class Counsel will apply to the Court for a Fee Award and expense reimbursement to Plaintiffs' counsel not to exceed 33% of the Settlement Fund. Such a request for attorneys' fees is reasonable as in the D.C. Circuit. Indeed, "fee awards in common fund cases may range from fifteen to forty-five percent," *In re Lorazepam & Clorazepate Antitrust Litig.,* No. 99MS276(TFH), 2003 WL 22037741, at *7 (D.D.C. June 16, 2003), with "a majority of common fund class action fee awards fall[ing] between twenty and thirty percent." *In re Black Farmers Discrim. Litig*., 2013 WL 3480346, at *14 (citations omitted) (collecting cases); *Swedish Hosp. Corp*., 1 F.3d at 1272; *In re Vitamins Antitrust Litig*., No. MDL 1285, 2001 WL 34312839, at *10 (D.D.C. July 16, 2001) (deeming one-third fee award reasonable). Notably, the same percentage has been approved in other COVID-19 tuition refund actions as well.  *See*, *e.g.*, *D'Amario v. Univ. of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.); *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609-LM, Order (D.N.H. Aug. 22, 2021); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM, Order (S.D. Fla. Aug. 7, 2021), *Martin v. Lindenwood Univ.*, No. 4:20-cv-01128-RLW, Order (E.D. Mo. May 11, 2022).

### 4.      The Parties Have No Additional Agreements.

Besides the Settlement Agreement itself, there are no additional agreements other than a term sheet the parties signed at the conclusion of mediation, which is consistent with (and replaced by) the Settlement Agreement.  *See* Kurowski Decl. ¶ 20.

### 5.      Proposed Settlement Class Members are Treated Equitably.

The final factor, Rule 23(e)(2)(D), looks at whether class members are treated equitably. As stated above, *see supra* § I.B.1, the proposed Settlement treats Settlement Class Members equitably, and in turn, all Settlement Class Members will give GW the same release.

The proposed Settlement should be preliminarily approved for meeting the Rule 23(e)(2) factors and the other factors considered by the D.C. Courts.

## IV.      CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE.

Plaintiffs respectfully request that the Court certify the Settlement Class for purposes of effectuating the settlement. The Settlement Class is defined to mean all Students, and Payors who paid or incurred tuition and/or fees, to any Released Party, in connection with the Spring 2020 semester and whose tuition and/or fees have not been refunded in their entirety.  The Court should determine that the proposed Settlement Class satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, and at least one subsection of Rule 23(b) (*see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Newberg on Class Actions* § 11:27 (4th ed. 2002) (citing *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.* ("*In re GMC*"), 55 F.3d 768 (3d Cir. 1995))), certify the Settlement Class, appoint Hagens Berman Sobol Shapiro LLP as Class Counsel, appoint Plaintiffs Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin as the Class Representatives, and appoint Epiq as the

Settlement Administrator.

To certify a class, a plaintiff must meet all the requirements under Fed. R. Civ. P. 23(a), otherwise known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, as well as the requirements of either Fed. R. Civ. P. 23(b)(1), (2), or (3). *Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).[1]

**A.      The Proposed Settlement Class Meets the Requirements of Rule 23(a).**

**      1.      Numerosity.**

Fed. R. Civ. P. 23(a)(1) requires that the "class is so numerous that joinder of all members is impracticable." "There is no specified or minimum number of plaintiffs needed to maintain a class action" *Thorpe v. District of Columbia*, 303 F.R.D. 120, 144 (D.D.C. 2014). However, courts in this district have found forty or more members enough to satisfy Rule 23(a)(1). *Garnett v. Zeilinger*, 301 F. Supp. 3d 199, 205 (D.D.C. 2018). Here, numerosity is satisfied because the proposed class contains over 18,000 GW students as members. Therefore, the numerosity requirement of Rule 23(a) is readily satisfied.

**      2.      Common Questions of Law and Fact Exist Here.**

Next, the commonality element of Fed. R. Civ. P. 23(a)(2) requires only that "there are questions of law or fact common to the class." The key to commonality is that class members' claims "must depend upon a common contention ... of such a nature that it is capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*,

---

[1] In the event the settlement is not finally approved or otherwise terminated pursuant to the Settlement Agreement, GW reserves its rights to oppose class certification.  While GW agrees that the settlement class should be certified for purposes of settlement only, it does not agree with Plaintiffs' characterization of its claims, the evidence, or the certifiability of the class for litigation purposes.

564 U.S. at 350). "Even a single common question" will support a commonality finding, *id.* at

359 (alterations omitted), so long as its resolution will "generate common answers for the entire

class," *Thorpe v. D.C.*, 303 F.R.D. 120, 146–47 (D.D.C. 2014). Factual differences "will not

defeat the commonality requirement, so long as a single aspect or feature of the claim is

common to all proposed class members. *Bynum v. District of Columbia*, 214 F.R.D. 27, 33

(D.D.C. 2003).

This case satisfies the low commonality hurdle. Common issues here include:

(1) whether GW and class members had a contract; (2) whether that contract obligated GW to

provide in-person instruction; (3) whether the contract obligated GW to provide access to

campus facilities and in-person resources; (4) whether GW breached the contract; (5) whether

GW unlawfully kept funds paid; (6) whether GW was unjustly enriched by keeping the funds

paid; and (7) the fact and measure of damages derived from verifiable classwide information

maintained by GW.  These common questions, which target the same alleged misconduct by

GW, satisfy Rule 23(a)(2).

### 3.    Typicality.

The third requirement is "the claims or defenses of the representative parties are typical

of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement "has

been liberally construed." *Bynum*, 214 F.R.D. at 34. "Typicality is not destroyed merely by

factual variations." *Wagner v. Taylor*, 836 F.2d 578, 591 (D.C. Cir. 1987) (internal quotations

and citations omitted). The typicality requirement exists when the claims of the representative

plaintiffs are based on the same legal theory and arise from the same course of conduct that gives

rise to the claims of the other class members. *Bynum*, 214 F.R.D. at 35. While "[t]he facts and

claims of each member of the class need not be identical … the class representatives should have

suffered injuries in the same general fashion as absent class members." *In re APA Assessment Fee Litig.*, 311 F.R.D. 8, 15 (D.D.C. 2015) (internal quotations and citations omitted).

Here, Plaintiffs' claims are typical because they arise from the same events and course of conduct by GW and are based on the same legal theories. Plaintiffs' and class members' claims arise from a contract with GW for the provision of in-person education and on-campus services. GW billed Plaintiffs and class members paid for tuition and fees for in-person courses to be provided on campus. GW stopped providing the promised in-person instruction and access to campus facilities and in-person resources for all students simultaneously. GW then retained full price for tuition and fees. Plaintiffs allege GW must refund the prorated fees for campus access and in-person resources that GW did not provide when it closed campus and transitioned all courses online. Plaintiffs have met the typicality requirement.

### 4. Adequacy.

Finally, Rule 23 requires "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs satisfy the D.C. Circuit's two-part "adequacy" test: "(1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) (quoting *Nat'l Ass'n of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340, 345 (D.C. Cir. 1976)). The first criterion focuses on conflicts of interest, which defeat adequacy "only if they are fundamental to the suit and ... go to the heart of the litigation. *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d

32, 41 (D.D.C. 2017). "Speculative or hypothetical conflicts will not defeat the adequacy requirement." *Id.*

First, Plaintiffs and Class members have the same interest in obtaining a refund that will provide each with the benefit of their bargain. In addition to these aligned interests, Plaintiffs have no conflicts with the class. Plaintiffs have shown their commitment to vigorously prosecuting this litigation and will continue to advocate for the best interests of the classes. Proposed Class Counsel is qualified and will also vigorously represent the classes.  Hagens Berman has handled countless complex class action cases, recovered billions of dollars for classes they represented, and showed significant experience in these specific claims. Kurowski Decl. ¶ 4-15.  Counsel has been litigating claims of students whose colleges and universities transitioned from in-person to online only education across the country, giving them substantial knowledge of the applicable law. *Id.*; *see also* Firm Resume of Hagens Berman (Ex. 1 to Kurowski Decl.). During the past three years, proposed Class Counsel—along with co-counsel at Berger Montague PC and Levetown Law, LLP —have investigated and zealously pursued claims on behalf of the proposed classes of students against GW, briefed and argued the motion to dismiss, briefed and argued an appeal before the D.C. Circuit, conducted discovery resulting in voluminous production, defended Plaintiffs' depositions, took Rule 30(b)(6) depositions resulting in admissions satisfying many elements of Plaintiffs' claims, retained and advanced costs for an expert witness, and conducted substantial research regarding the legal issues. Kurowski Decl. ¶ 17. They have no conflicts of interest and will continue to prosecute this action vigorously on behalf of Plaintiffs and the classes. Since Plaintiffs and proposed Class Counsel have demonstrated their commitment to representing the Settlement Class Members and neither

have interests antagonistic to the Settlement Class Members, the adequacy requirement is satisfied.

**B.      The Settlement Class Satisfies the Requirements of Rule 23(b)(3).**

Rule 23(b)(3) permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These elements are commonly referred to as "predominance" and "superiority." *See Barnes v. District of Columbia*, 242 F.R.D. 113, 123 (D.D.C. 2007).  Certification under Rule 23(b)(3) will allow class members to opt out of the settlement and preserve their right to seek damages independently. *Cf. Brown v. Title Ticor Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992).  This approach protects class members' due process rights.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846-48 (1999).

**1.      Common Issues Predominate Over Any Individual Ones.**

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.  Where plaintiffs are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied. *McBean v. City of New York*, 228 F.R.D. 487, 502 (S.D.N.Y. 2005).  The predominance requirement "is designed to determine whether 'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Frank*, 228 F.R.D. at 183 (quoting *Amchem*, 521 U.S. at 623).

Here, there allegedly was a common course of conduct engaged in by GW. Moreover, the central legal issues presented by this case would predominate over individualized issues. Common issues predominate because Plaintiffs can prove injury on a classwide basis without

conducting individualized inquiries. *See In re Rail Freight Fuel Surcharge Antitrust Litig.* –MDL No. 1869, 725 F.3d 244, 252–53 (D.C. Cir. 2013).

### 2.      A Class Action is a Superior Mechanism.

Rule 23(b)(3) also requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). The superiority requirement is intended to "ensure that resolution by class action will 'achieve economies of time, effort, and expense and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences.'" *Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 359–60 (D.D.C. 2007) (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997)). Here, a class action is superior to numerous individual actions. Class actions are superior where many individuals have small claims, but it is not economically feasible to pursue them individually. *In re Livingsocial Mktg. & Sales Practice Litig.*, 298 F.R.D. 1, 10 (D.D.C. 2013).

Here, Plaintiffs and the Settlement Class Members have limited financial resources with which to prosecute individual actions, and Plaintiffs' counsel is unaware of any individual lawsuits filed by Settlement Class Members arising from the same allegations.  Class certification will permit many students and their families to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently without the duplication of effort and expense that many individual actions would require. *See Hanlon*, 150 F.3d at 1023.  A class action is the most suitable mechanism to fairly, adequately, and efficiently resolve the putative settlement class members' claims.

## V. THE COURT SHOULD PRELIMINARILY APPOINT NAMED PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES.

Plaintiffs Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin have actively participated in this case and have vigorously represented the interests of the Settlement Class Members. Specifically, they have provided Class Counsel with information necessary to draft and file the complaint, responded to multiple information requests, testified at depositions, and represented the Settlement Class members in settlement discussions. Moreover, Plaintiffs are adequate because their interests are not antagonistic to those of the Settlement Class Members. Plaintiffs, like members of the Settlement Class, allege they paid for GW's on-campus educational experience, and seek a refund for educational services they allegedly did not fully receive. The Court should preliminarily appoint Plaintiffs Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin as Settlement Class Representatives.

## VI. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN.

Under Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Here, the proposed Notice provides detailed information about the Settlement, including: 1) a comprehensive summary of its terms; 2) Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and service awards for the named Plaintiffs; and 3) detailed information about the Released Claims.  *See* Settlement Exhibits C-F (annexed to Settlement Agreement). In addition, the Notice provides information about the Fairness Hearing

date, the right of Settlement Class Members to seek exclusion from the Class or to object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information.  *Id.* In short, the Notice is intended to fully inform Settlement Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights.  The very detailed information in this proposed notice goes well beyond the requirements of the Federal Rules. Indeed, courts have approved class notices even when they provided only general information about a settlement.  This information is adequate to put Settlement Class Members on notice of the proposed Settlement and is well within the requirements of Rule 23(c)(2)(B). Moreover, the notice plan is designed to reach the greatest practicable number of Settlement Class Members with individual notice via email and/or mail, with individual notice efforts expected to reach at least 90% of the identified Settlement Class, Azari Decl. ¶ 18, readily satisfying due process requirements.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached order preliminarily approving the proposed Settlement, certifying the proposed Settlement Class, appointing Plaintiffs as Settlement Class Representatives, appointing Hagens Berman Sobol Shapiro LLP as Class Counsel, appointing Epiq as the Settlement Administrator, and approving the proposed schedule. Plaintiffs further request the Court grant them all such other relief as the Court deems necessary and appropriate.

Dated: July 31, 2023                          Respectfully submitted,

                                              HAGENS BERMAN SOBOL SHAPIRO LLP

                                              By   _/s/ Daniel J. Kurowski_____
                                                    Daniel J. Kurowski (*pro hac vice*)
                                              Whitney K. Siehl (*pro hac vice*)
                                              HAGENS BERMAN SOBOL SHAPIRO LLP
                                              455 N. Cityfront Plaza Dr., Suite 2410
                                              Chicago, IL 60611
                                              (708) 628-4949
                                              dank@hbsslaw.com
                                              whitneys@hbsslaw.com

                                              Steve W. Berman (*pro hac vice*)
                                              1301 Second Avenue, Suite 2000
                                              Seattle, WA 98101
                                              (206) 623-7292
                                              steve@hbsslaw.com

                                              *Attorneys for Plaintiffs and the proposed class and
                                              proposed Class Counsel.*

                                              Andrew S. Levetown (Bar No. 422714)
                                              LEVETOWN LAW LLP
                                              717 D Street NW, Suite 306
                                              Washington, DC 20004
                                              (703) 618-2264
                                              andrew@levetownlaw.com

                                              E. Michelle Drake (*pro hac vice*)
                                              BERGER MONTAGUE PC
                                              43 SE MAIN STREET, SUITE 505
                                              Minneapolis, MN 55414
                                              Tel: (312) 594-5999
                                              Email: emdrake@bm.net

                                              Daniel J. Walker (Bar No. 219439)
                                              BERGER MONTAGUE PC
                                              2001 Pennsylvania Avenue, NW, Suite 300
                                              Washington, DC 20006
                                              Tel: (202) 559-9745
                                              Email: dwalker@bm.net

                                              *Attorneys for Plaintiffs and the proposed class*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 31, 2023, a true and correct copy of the foregoing, together with all attachments thereto, was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

 */s/ Daniel J. Kurowski*
Daniel J. Kurowski