## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARK SHAFFER, MARGARET MAULDIN, CHARAFEDDINE ZAITOUN, and MARC LESSIN, Individually and on Behalf of All Others Similarly Situated,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) | **Civil Case No. 20-1145 (RJL)** |
| | ) | |
| **THE GEORGE WASHINGTON UNIVERSITY and THE BOARD OF TRUSTEES OF GEORGE WASHINGTON UNIVERSITY,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

(May 13, 2024) [Dkt. ## 68, 74]

Pending before the Court are [68] Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards and [74] Plaintiffs' Motion for Final Approval of Class Settlement. Upon consideration of the motions, the entire record herein, and the final fairness hearing conducted on April 2, 2024, the Court will GRANT plaintiffs' motion for final approval and GRANT IN PART and DENY IN PART plaintiffs' request for attorneys' fees, costs, and class representative service awards.

## I.    Motion for Final Approval

Plaintiffs Mark Shaffer, Margaret Mauldin, Charafeddine Zaitoun, and Marc Lessin brought this putative class action against The George Washington University and The Board of Trustees of George Washington University ("defendants"), seeking to recover a

portion of the tuition and fees that they and other students and parents paid for the Spring

2020 semester before in-person classes and activities were halted due to the COVID-19

pandemic.   Consolidated Class Action Compl. [Dkt. #17].   After multiple years of

litigation, the parties have entered into a Class Action Settlement Agreement pursuant to

which defendants will pay $5.4 million to resolve the action (the "Settlement Agreement")

[Dkt. # 66-1].  On December 12, 2023, the Court entered its Order granting preliminary

approval of the Class Action Settlement, conditionally certifying the Settlement Class

pursuant to Federal Rule of Civil Procedure 23(b)(3), appointing class representatives,

appointing class counsel, and approving the proposed notice plan ("Preliminary Approval

Order") [Dkt. # 67].  The Settlement Class was defined as: "All Students and Payors who

paid or incurred tuition and/or fees to the George Washington University in connection

with the Spring 2020 semester and whose tuition and/or fees have not been refunded in

their entirety."[1]  *Id.* ¶ 9.

The Court held a final approval hearing on April 2, 2024, giving the parties and any

Settlement Class Members present an opportunity to be heard.  Two timely filed objections

from three objectors were received, but they only related to plaintiffs' request for attorneys'

fees, costs, and class representative service awards.  *See* Benjamin Heidloff and Matthew

---

[1] "Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendants; (3) Persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such persons; (5) GW Students or Payors who did not pay any tuition or fees for the Spring 2020 Semester, i.e., tuition and fees were paid for by institutional aid, tuition benefits, federal/state/local grants, GI/Yellow Ribbon benefits, outside scholarships, and/or third party sponsorships; and (6) any Persons enrolled in Defendant's entirely online or continuous enrollment programs at the start of the Spring 2020 Semester."  Preliminary Approval Order ¶ 9.

West's Obj. to Pls.' Mot. for Att'ys' Fees, Costs, and Class Representative Service Awards [Dkt. #70] ("Heidloff and West Objection"); Susan Aledort's Mem. in Opp'n in Part to Pls.' Mot. for Att'ys' Fees, Costs, and Class Representative Service Awards [Dkt. #71] ("Aledort Objection").  No Settlement Class Member objected to the Settlement itself. Accordingly, pursuant to Federal Rule of Civil Procedure 23(e), the Court now gives final approval to the Settlement Agreement.

First, now that the Notice Plan has been implemented, the Court concludes that the notice provided to the Settlement Class—including (i) individual, direct notice to the Settlement Class via email and/or direct U.S. mail based on the Settlement Class List provided by the defendants, (ii) publication notice via The New York Times and The Washington Post, (iii) an internet digital notice campaign, (iv) sponsored search listings, (v) a press release issued nationwide over PR Newswire, and (vi) the creation of the Settlement Website—complied with the requirements of Federal Rule of Civil Procedure 23(c)(2) and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the final approval hearing.  One individual, Zaniya Lewis, submitted a request for exclusion and will therefore be excluded from the Settlement Class.

Second, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of plaintiffs are typical of the claims of the Settlement Class; (d) plaintiffs have

fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to class members predominate over any questions affecting only individual class members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Accordingly, the Court confirms as final its conditional certification of the Settlement Class as stated in the Preliminary Approval Order. *See* Preliminary Approval Order ¶ 9.

Third, after consideration of the factors in Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement. The Settlement Agreement was the product of arms' length negotiations between the parties, including a full day of mediation before a retired federal judge. Finally, the consideration to be paid to the Settlement Class is reasonable, considering the novel legal issues raised by the context of the COVID-19 pandemic and the potential risks and likelihood of success of pursuing litigation on the merits. Accordingly, the Court confirms as final its approval of the Settlement Agreement as stated in the Preliminary Approval Order. *See* Preliminary Approval Order ¶¶ 4, 10.

## II.    Motion for Attorneys' Fees, Costs, and Class Representative Service Awards

Class Counsel asks the Court to award attorneys' fees, costs, and expenses in the amount of one-third of the Settlement Fund (*i.e.,* $1,799,820). *See* Pls.' Mot. for Att'ys' Fees, Costs, and Class Representative Service Awards [Dkt. #68] ("Mot. for Att'ys' Fees"). Class Counsel also seeks individual service awards of $10,000 each for the four Class

Representatives. *Id.* However, the Settlement Agreement makes clear that the decision to award the Class Counsel fee and the Class Representative service awards is committed to the "sole discretion" of the Court, and if the Court awards a lesser amount, the Settlement Agreement shall remain fully enforceable. Settlement Agreement ¶¶ 8.1, 8.3.

The Court has examined the request for representative service awards and finds it reasonable. Courts routinely approve service awards to compensate named plaintiffs for their efforts during the course of class action litigation, and an award of $10,000 is in line with other awards that have been provided by courts in this Circuit. *See, e.g., Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 207–08 (D.D.C. 2011); *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 8–9 (D.D.C. 2008).

The requested fee award for Class Counsel, however, is a tougher issue. When evaluating the reasonable calculation of counsel fees in class action settlements with a common fund, "the proper measure of such fees in a common fund case is a percentage of the fund." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1263 (D.C. Cir. 1993). However, it is also within the Court's discretion to use a lodestar cross-check in deciding upon the appropriate percentage amount. *See, e.g., Nat'l Veterans Legal Servs. Program v. United States*, No. 16-cv-745, 2024 WL 1206458, at *15 (D.D.C. Mar. 20, 2024). The range of reasonable attorneys' fees recognized in this Circuit generally runs from 20 to 30 percent of the common fund. *See Randle v. SunTrust Bank, Inc.*, No. 18-cv-1525, 2024 WL 706807, at *10 (D.D.C. Feb. 21, 2024).

Here, Class Counsel originally reported that they, along with their co-counsel, incurred $1,111,428 in uncompensated professional fees and $122,729.57 in

uncompensated professional costs while litigating this action.  Mot. for Att'ys' Fees at 1.
However, one of the class members who objected to the requested attorneys' fees and spoke
at the final approval hearing pointed out that this fee amount was calculated using current
billing rates, rather than the historical billing rates that were in effect at the time the work
was performed. *See* Heidloff and West Objection at 7–8.  When historical rates are applied,
the uncompensated professional fees decrease to $946,722.50.  *See* Pls.' Notice of Filing
Updated Summ. Charts of Fees [Dkt. #76] (reporting fees of $632,887.50 for Hagens
Berman and $293,955 for Berger Montague); Decl. of Andrew S. Levetown [Dkt. #68-8]
(reporting fees of $19,880 for Levetown Law using an already discounted rate).  When
combined with the uncompensated professional costs, this amounts to approximately 20%
of the Settlement Fund.

Although the lodestar calculation is not determinative, the Court finds that it is a
good indication of the appropriate fee and cost award in this case.  Given the large number
of class members, "this is a relatively small common fund from which to award [over] 30%
to attorneys' fees." *Hubbard v. Donahoe*, 958 F. Supp. 2d 116, 126 (D.D.C. 2013); *see
also* Shaffer v. George Washington University, *Frequently Asked Questions*,
https://www.gwsettlement.com/Home/FAQ (estimating that each class member will
receive $193).  The requested Class Counsel award will therefore be reduced from the
requested 33% of the Settlement Fund to 20% of the Settlement Fund.

***

Accordingly, it is hereby ORDERED that the Settlement is finally approved; it is

FURTHER ORDERED that Class Counsel shall receive attorneys' fees and costs in the amount of 20% of the Settlement Fund, for a total award of $1,080,000; it is

FURTHER ORDERED that the four Class Representatives shall receive service awards in the amount of $10,000 each out of the Settlement Fund, in addition to their recovery from the Settlement; and it is

FURTHER ORDERED that the action is dismissed with prejudice.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge